**U.S. Department of Justice**

Kenneth L. Wainstein
United States Attorney

*District of Columbia*

*Judiciary Center*
*555 Fourth St., N.W.*
*Washington, D.C. 20530*

**FILED**
AUG 2 2 2005
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

August 8, 2005

Via Telefacsimile 202-208-7515

David Bos
Assistant United States Public Defender
625 Indiana Avenue, N.W.
Washington, D.C. 20004

CR 05-0252

Re:   **United States v. Youssef Mahir**, Magistrate No. 04-0477M-01

Dear Mr. Bos:

This letter sets forth the plea agreement this Office is willing to enter into with your client, **Youssef Mahir**. *The offer expires on August 12, 2005.* If your client accepts the terms and conditions of this offer, please have your client execute this document in the space provided below and return it to me. Upon our receipt of the executed document, this letter *and the factual proffer* will become the plea agreement. The terms of the agreement are as follows:

   1. **Charges.** Your client agrees to admit guilt and enter a plea of guilty to a one-count criminal information which charges him with violating 18 U.S.C. §§ 1341, 1346, Mail Fraud.

   2. **Potential penalties, assessments, and restitution.** Your client understands that pursuant to 18 U.S.C. § 1341, the federal charge carries a maximum penalty of 20 years imprisonment, a maximum fine of $250,000 under 18 U.S.C. § 3571(b)(3), and a maximum period of supervised release of not more than three years under 18 U.S.C. § 3583(b)(2). In addition, your client agrees to pay a special assessment of $100 to the Clerk of the United States District Court prior to the date of sentencing. See 18 U.S.C. § 3013. Your client understands that the sentence in this case will be determined by the Court pursuant to the Sentencing Reform Act of 1984, 18 U.S.C. §§ 3551 et seq., with guidance from the United States Sentencing Guidelines, as further described below.

   3. **Waiver of constitutional and statutory rights.** Your client understands that by pleading guilty in this case, your client agrees to waive certain rights afforded by the Constitution of the United States and/or by statute, including: the right to plead not guilty; and the right to a jury trial on all elements of the offense as well as any adjustments, specific offense characteristics, and calculations under the Sentencing Guidelines. At the jury trial, your client would have the right to be represented by counsel, to confront and cross-examine witnesses against your client, to compel witnesses to appear to testify and present other evidence on your

client's behalf, and to choose whether to testify. If your client chose not to testify at a jury trial, your client would have the right to have the jury instructed that your client's failure to testify could not be held against your client. Your client would further have the right to have the jury instructed that your client is presumed innocent until proven guilty, and that the burden would be on the United States to prove your client's guilt beyond a reasonable doubt. If your client were found guilty after a trial, your client would have the right to appeal the conviction.

Your client also understands that as part of the entry of this guilty plea, your client specifically waives any rights to a speedy trial or sentence under the Constitution and/or the Speedy Trial Act, 18 U.S.C. § 3161 et seq.

4. **Sentencing Guidelines**. The parties to this Agreement agree that your client's sentence will be governed by the United States Sentencing Guidelines (Sentencing Guidelines), which your client understands are, in light of the United States v. Booker, 125 S. Ct. 738 (2005), advisory. The parties to this Agreement agree that the Sentencing Guideline applicable to 18 U.S.C. §§ 1341, 1346, Mail Fraud, the offense to which your client is pleading guilty, is set forth in Sentencing Guideline Section 2B1.1.

Section 2B1.1(a)(1) provides a base offense level of 7. Pursuant to 3B1.3 (abuse of position of trust) there is a 2 level adjustment raising the offense level 7 to an adjusted offense level of 9.

If the defendant accepts this plea offer by **August 22, 2005**, and enters a plea of guilty on or before **August 22, 2005**, assists in the investigation and prosecution of this matter, and complies with all conditions of this Agreement, the United States will not oppose, under Sentencing Guideline Section 3E1.1(a), a two-level reduction for acceptance of responsibility, resulting in an offense level of 7. Defendant Mahir agrees not to seek a downward departure under the Sentencing Guidelines. The parties make no other agreements with regard to sentencing or appropriate calculation under the Sentencing Guidelines.

Your client understands that the failure of the Court or the Probation Office to determine the guideline range in accordance with the above calculations will not void this plea agreement or serve as a basis for the withdrawal of this plea. Your client understands and agrees that your client will not be allowed to withdraw the guilty plea entered pursuant to this plea agreement solely because of the harshness of any sentence recommended by the Probation Office or imposed by the Court, and that a motion to withdraw the plea on that basis may be treated by the United States as a breach of this plea agreement.

5. **Cooperation with the United States.** Your client agrees to cooperate fully, completely, and truthfully with all investigators and attorneys for the United States, by truthfully providing all information in your client's possession relating directly or indirectly to all criminal activity and related matters which concern the subject matter of this investigation and of which he has knowledge, or relating to other matters deemed relevant by the United States. Such

matters include, but are not limited to, violation of the immigration, narcotics and criminal laws of the United States and other countries by the defendant and other individuals.

Your client shall cooperate pursuant to this agreement whenever, and in whatever, form the United States Attorney's Office shall reasonably request. This includes, but is not limited to, submitting to interviews; answering interrogatories; giving sworn written statements; providing documents, financial records, tax returns, and any other evidence in your client's possession; giving testimony; giving depositions; taking government-administered polygraph examination(s); and participating in covert law-enforcement activities.

Your client shall testify fully and truthfully before any Grand Jury in the District of Columbia, and elsewhere, and at all trials of cases or other court proceedings in the District of Columbia and elsewhere, at which your client's testimony may be deemed relevant by the United States.

Your client shall promptly turn over to the government or other law enforcement authorities or direct such law enforcement authorities to any and all evidence of crime; all contraband and proceeds of crime; and all assets traceable to such proceeds of crime.

Your client shall submit to a full and complete accounting of all your client's financial assets, whether such assets are in your client's name or in the name of a third party.

Your client agrees not to commit any criminal violation of local, state or federal law during the period of your client's cooperation with law enforcement authorities pursuant to this agreement or at any time prior to the sentencing in this case. The commission of a criminal offense during the period of your client's cooperation or at any time prior to sentencing will constitute a breach of this plea agreement and will relieve the government of all of its obligations under this agreement. However, you client acknowledges and agrees that such a breach of this agreement will not entitle your client to withdraw your client's plea of guilty. Your client further understands that, to establish a breach of this agreement, the government need only prove your client's commission of a criminal offense by a preponderance of the evidence.

Your client acknowledges and understands that during the course of the cooperation outlined in this agreement your client will be interviewed by law enforcement agents and/government attorneys and that your client has the right to have defense counsel present during these interviews. After consultation with you, and with your concurrence, your client knowingly and voluntarily waives this right and agrees to meet with law enforcement agents and government prosecutors outside of the presence of counsel. If at some future point you or your client desire to have counsel present during interviews by law enforcement agents and/or government attorneys, and you communicate this decision in writing to this Office, the government will honor this request, and this change will have no effect on any other terms and conditions of this agreement.

6. **Deportation.** The defendant understands that this criminal prosecution and agreement are completely unrelated to his applications for relief from removal, deportation, or exclusion, either written or oral, or the prosecution of any pending applications, before any federal court, the Board of Immigration Appeals, an immigration judge, or the Department of Homeland Security, U.S. Immigration and Customs. In addition, Defendant Mahir understands and agrees that no change in his immigration status or resolution of his immigration applications shall be grounds for your client to file a motion to vacate this plea agreement or withdraw his guilty plea.

7. **Limited Waiver of Appeal.** Your client is aware that federal law, specifically 18 U.S.C. § 3742, affords him the right to appeal his sentence. The defendant is aware that the parties' calculation of the sentencing range under the Sentencing Guidelines is not a promise of the sentence to be imposed on him and is not binding on the Judge. Knowing that, the defendant waives the right to appeal his sentence or the manner in which it was determined pursuant to 18 U.S.C. § 3742, except to the extent that (a) the Court sentences the defendant to a period of imprisonment longer than the statutory maximum or (b) the Court departs upward from the applicable Sentencing Guidelines range pursuant to the provisions of Sentencing Guidelines Section 5K2. Further, the defendant reserves his right to make a collateral attack upon his sentence pursuant to 28 U.S.C. § 2255 if new and currently unavailable information becomes known to him. In agreeing to this waiver, the defendant is aware that his sentence has not yet been determined by the Judge. Realizing the uncertainty in estimating what sentence the Judge will ultimately impose, the defendant knowingly and willingly waives his right to appeal the sentence, to the extent noted above, in exchange for the concessions made by the United States Attorney's Office in this agreement.

8. **Reservation of allocution.** Your client understands that the United States reserves its full right of allocution for purposes of sentencing in this matter. In particular, the United States reserves its right to recommend a specific period of incarceration and fine up to the maximum sentence of incarceration and fine allowable by law. The United States reserves the right to describe fully, both orally and in writing, to the sentencing judge, the nature and seriousness of your client's misconduct, including misconduct not described in the charge to which your client is pleading guilty. The United States also reserves the right to inform the pre-sentence report writer and the Court of any relevant facts, to dispute any factual inaccuracies in the pre-sentence report, and to contest any matters not provided for in this plea agreement.

Your client also understands that the United States retains its full right of allocution in connection with any post-sentence motion which may be filed in this matter and/or any proceeding(s) before the Bureau of Prisons. The United States reserves the right to appeal the sentence in this case. In addition, if in this plea agreement the United States has agreed to recommend or refrain from recommending to the Court a particular resolution of any sentencing issue, the United States reserves its right of full allocution in any post-sentence litigation or appeal in order to defend the Court's ultimate decision on such issues.

The government and your client agree, in accordance with Section 1B1.8 of the Sentencing Guidelines, that the government will be free to use against your client for any purpose at the sentencing in this case any self-incriminating information provided by your client pursuant

4

to this agreement.

      9. **Prosecution by other agencies/jurisdictions.** This agreement only binds the United States Attorney's Office for the District of Columbia. It does not bind any other United States Attorneys' Office or any other office or agency of the United States government, including, but not limited to, the Tax Division of the United States Department of Justice; the Internal Revenue Service of the United States Department of the Treasury; the Department of Homeland Security, U.S. Immigration and Customs Enforcement (formerly the Immigration and Naturalization Service); or any state or local prosecutor. These individuals, and agencies remain free to prosecute your client for any offense(s) committed within their respective jurisdictions. Your client is not a citizen of the United States, and your client understands and acknowledges that the guilty plea in this case will or might subject your client to detention, deportation and other sanctions at the direction of the Department of Homeland Security, U.S. Immigration and Customs Enforcement.

      10. **Breach of agreement.** Your client understands and agrees that if your client fails specifically to perform or to fulfill completely each and every one of your client's obligations under this plea agreement, or commits any further crimes, your client will have breached this plea agreement. In the event of such a breach, (a) the United States will be free from it obligations under the agreement; (b) your client will not have the right to withdraw the guilty plea; (c) your client shall be fully subject to criminal prosecution for any other crimes which your client has committed or might commit, if any, including perjury and obstruction of justice; and (d) the United States will be free to use against your client, directly and indirectly, in any criminal or civil proceeding all statements made by your client and any of the information or materials provided by your client, including such statements, information and materials provided pursuant to this agreement or during the courts of any debriefings conducted in anticipation of, or after entry of this agreement, including your client's statements made during proceedings before the Court pursuant to Fed. R. Crim. P. 11.

      Your client acknowledges discussing with you Federal Rule of Criminal Procedure 11(f) and Federal Rule of Evidence 410, rules which ordinarily limit the admissibility of statements made by a defendant in the course of plea discussions or plea proceedings if a guilty plea is later withdrawn. Your client knowingly and voluntarily waives the rights which arise under these rules. As a result of this waiver, your client understands and agrees that any statements which are made in the course of your client's guilty plea will be admissible against your client for any purpose in any criminal or civil proceeding if your client breaches this agreement or your client's guilty plea is subsequently withdrawn. Moreover, in the event your client's guilty plea is withdrawn, your client agrees that the United States will be free to use against your client in any criminal or civil proceeding any statements made during the course of any debriefing conducted in this case, regardless of whether those debriefings were previously covered by an "off the record" agreement by the parties.

      11. **No other agreements.** No other agreements, promises, understandings, or representations have been made by the parties other than those contained in writing herein, nor will any such agreements, promises, understandings, or representations be made unless committed to writing and signed by your client, your client's counsel, and an Assistant United

5

States Attorney for the District of Columbia, or made by the parties on the record before the Court. If your client agrees to the conditions set forth in this letter, both your client and you should sign the original in the spaces provided below, initial every page of this agreement, and return the executed plea agreement to me. The original of this plea agreement will be filed with the Court.

Sincerely,

KENNETH L. WAINSTEIN
United States Attorney for the District of Columbia

HEIDI M. PASICHOW
Assistant U.S. Attorney
D.C. Bar # 370-686
555 4th Street, N.W. Room 11-445
Transnational Major Crimes Section
Washington, D.C. 20530
202-514-7533
Heidi.Pasichow@usdoj.gov

### Defendant's Acceptance

I have read this plea agreement and carefully reviewed every part of it with my attorney. I am fully satisfied with the legal services provided by my attorney in connection with this plea agreement and all matters relating to it, including my agreement of voluntary deportation following completion of any sentence of imprisonment. I fully understand this plea agreement and voluntarily agree to it. No threats have been made to me, nor am I under the influence of anything that could impede my ability to understand this plea agreement fully. No agreements, promises, understandings, or representations have been made with, to, or for me other than those set forth above.

_08.22.05_
Date

_[signature]_
Youssef Mahir
Defendant

### Attorney's Acknowledgment

I am defendant's attorney. I have reviewed every part of this plea agreement with him. It accurately and completely sets for the entire agreement between defendant and the Office of the United States Attorney for the District of Columbia.

_8/22/05_
Date-

_[signature]_
David Bos
Counsel for Defendant

7